IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ESTEPHANIA OLIVA et al.**                                                                 **PLAINTIFFS**

**v.**                                       **CASE NO. 4:12CV00243 BSM**

**C.L.A. INC., d/b/a**
**SUBWAY/PIZZA PRO et al.**                                                                 **DEFENDANTS**

## ORDER

The parties' joint motion for preliminary approval of settlement and notice to the class [Doc. No. 7] is granted. Accordingly, the settlement agreement is preliminarily approved.

IT IS THEREFORE ORDERED THAT:

1.   This class settlement preliminary approval order incorporates by reference the definitions in the settlement agreement and the proposed notice of pendency of proposed settlement of class action lawsuit, and all terms in this order shall have the same meaning as set forth in the settlement agreement and proposed notice.

2.   Subject matter and personal jurisdiction exists over class representatives, all members of the settlement classes provisionally certified below, and defendants.

3.   The settlement agreement is preliminarily approved, including the plan of administration and distribution, as within the range of a fair, reasonable, and adequate settlement within the meaning of Fed. R. Civ. P. 23 and applicable law and consistent with due process.

4.   The defendants shall establish an escrow account consisting of the gross amount of money stated in exhibit A to the settlement agreement ($10, 033.26) and shall

provide class counsel with evidence that the account has been established.

5. Based on and pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3), a Rule 23(b)(3) settlement class is provisionally certified, for settlement purposes only and from which exclusions shall be permitted, consisting of all present and former employees who worked for the defendants between April 24, 2009, and January 12, 2012.

6. In the event that the settlement agreement is terminated as provided therein, certification of the settlement class will be automatically vacated and defendants may fully contest certification of any class.

7. It is concluded that the class representatives will fairly and adequately represent and protect the interests of the Rule 23(b)(3) settlement class; accordingly, they are appointed to serve as class representatives.

8. Based on and pursuant to Fed. R. Civ. P. 23(g), Sanford Law Firm, PLLC is appointed as class counsel.

9. Kent Dollar Certified Public Accountants, Inc., P.O. Box 3046, Russellville, Arkansas, 72811 is appointed as the class administrator to assist defendants and class counsel in effectuating and administering the claims process for members of the settlement class.

10. It is also determined that notice should be provided to members of the settlement class and that exclusion rights should be afforded only to members of the settlement class as to their participation in the settlement class.

11. The method of notice to be provided to the settlement class, as described in the settlement agreement, is also approved because it is concluded that: it is the best notice that

is practicable under the circumstances; it is reasonably calculated to reach the members of the settlement class that would be bound by the settlement agreement and to apprise them of this pending action, the terms and conditions of the settlement agreement, their right to opt out and be excluded from the settlement class, and to object to the settlement agreement; and it meets the requirements of Fed. R. Civ. P. 23 and due process.

12.   Within 15 days following the entry of this preliminary approval order, defendants shall mail the notice to the members of the settlement class and schedule publication in the Courier, a newspaper of general circulation in defendants' business area.

13.   As explained in the notice and publication notice, any member of the settlement class that does not wish to participate in the settlement class shall have until May 20, 2013, to submit a request to opt out of the class settlement and be excluded from the settlement class.

14.   A member of the settlement class may effect such an exclusion by sending a written request to class counsel by certified mail and postmarked on or before May 20, 2013. The written request must be signed by a person authorized to do so and provide all of the information specified in the notice.

15.   As also explained in the long-form notice and publication notice, any settlement class member that does not submit a request for exclusion from the class shall have until May 20, 2013, to submit an objection to the settlement agreement, any request for attorneys' fees, or any other matter regarding the proposed settlement.

16.   Such an objector must file a written statement of objections with the court on

or before May 20, 2013, by submitting the objection to:

> James W. McCormack, Clerk of Court
> United States District Court
> Eastern District of Arkansas
> United States District Court Clerk
> 600 West Capitol Avenue
> Room A149
> Little Rock, Arkansas 72201-3312

Counsel for the parties will be provided a copy of the objections via the ECF/CM system.

17. The objector's written statement of objections must: (a) include the name of this case and the case number; (b) state each and every objection of the objector and the specific reasons therefore; (c) provide all legal support and all evidence that the objector wishes to bring to the court's attention in support of any objection; (d) state the full name, address, and telephone number of the objector; (e) provide information sufficient to establish that the objector is a member of the Rule 23(b)(3) settlement class; and (f) state the full name, mailing address, email address, and telephone number of any counsel representing the objector in connection with the objections.

18. Any objector, or counsel for objector, who wishes to appear at the final approval hearing must file a separate notice of intention to appear that identifies by name, position, address, and telephone number each person who intends to appear at the final approval hearing on behalf of the objector.

19. Subject to objections from the class, the attorneys' fees stated in the settlement agreement are approved, both with respect to the fees and costs to be paid by defendants and with respect to the fees to be paid by the claimants.

20. Within 15 days before the fairness hearing, defendants shall file a report of its efforts to provide notice to the class, including the results of direct mail notice, publication notice, and notice posted in defendants' business locations.

21. Defendants shall bear the cost of the class administrator's fees and expenses. No class member shall have any obligation, responsibility, or liability with respect to the class administator, notice, or the exclusion procedures for members of the settlement class, including with respect to the costs, administration expenses, or any other charges for any notice or exclusion procedures.

22. A final approval hearing will be held on June 21, 2013, at 1:30 p.m. at the Courthouse for the United States District Court for the Eastern District of Arkansas, 500 West Capitol Avenue, Little Rock, Arkansas 72201, Courtroom 2D. At that final approval hearing, an inquiry will be conducted into the fairness, reasonableness, and adequacy of the settlement agreement, any objections will be addressed, and it will be determined whether the settlement agreement and the plan of administration and distribution should be finally approved and final judgment entered, as well as whether any motions for attorneys' fees will be approved.

23. All further proceedings in this case are stayed pending final approval of the settlement agreement.

24. Pending the determination as to final approval of the settlement agreement, the members of the settlement class are enjoined from challenging in any action or proceeding any matter covered by the settlement agreement or its release and covenant not to sue

provisions, except for (a) proceedings related to effectuating and complying with the settlement agreement; and (b) any claims for damages by any member who elects to opt out.

IT IS SO ORDERED this 4th day of April 2013.

                                                                                            _____
                                                                                            UNITED STATES DISTRICT JUDGE